INHABITANTS OF FREEMAN, appellants,

*vs.*

COUNTY COMMISSIQNERS,

Franklin.    Opinion February 2, 1883.

*Ways.   Appeal.*

There is no right of appeal from the joint decision of the county commissioners of two or more counties to locate an inter-county road.

The case of *Banks* v. *County Commissioners,* 29 Maine, 288, as explained by *Detroit* v. *County Commissioners,* 52 Maine, 210, affirmed.

ON EXCEPTIONS.

An appeal from the decision of the county commissioners of Franklin and Somerset counties, locating a highway in said counties.

At the appellate court the petitioners for the way appeared and moved that the appeal be dismissed.   The court *pro forma* overruled the motion to dismiss, and the respondents alleged exceptions.

*S. Clifford Belcher,* for the plaintiffs, contended that the material change in the statutes relating to ways since the opinion in *Banks* v. *Co. Com'rs,* 29 Maine, 288, renders that no longer authority; and that the case of *Detroit* v. *Co. Com'rs,* 52 Maine, 210, if it does not overrule *Banks* v. *Co. Com'rs* absolutely, does so in effect.   It declares that the reasons given for that opinion are based upon a false interpretation of the law.

The "location" is made by the commissioners of the county in which the way lies,— an appeal from their decision locating cannot be an appeal from the decision of the commissioners of two or more counties.

It is an anomaly in our law, that the decision of an inferior court shall be final.

"It is a settled rule of construction, that cases out of the letter of a statute, yet within the same mischief, or cause of the making thereof, shall be within the remedy thereby provided." Broom's Maxims, 82; Co. Litt. 24, b.

*Phillip H. Stubbs,* for the defendants.

PETERS, J.    It was determined, in 1849, in *Banks* v. *County Commissioners,* 29 Maine, 288, that, under the statutes of that day, there was no right of appeal from the joint decision of the county commissioners of two or more counties.    The appellants, in the case before us, contend that since that case the law has been differently interpreted, or changed.    But we see nothing that leads us to such a conclusion.    It was held in *Detroit* v. *County Commissioners,* 52 Maine, 210, that, after a joint board of the county commissioners of two counties has decided to locate a way which will extend into their several counties, each board may act separately in locating so much of the way as lies within its own county.    The cases do not really conflict.    R. S., c. 18 § 17.

A full copy of the record is not presented to us in the present case, but the effort of the appellants is, clearly enough, to reverse the joint decision of the courts of the two counties, that the way prayed for should be laid out.    They appeal from the adjudication of the joint court, "that common convenience and necessity require the location and establishment of the road prayed for in said petition; and from the return of the county commissioners of Franklin county, carrying the judgment of the county commissioners of said counties into effect."

The appeal cannot be sustained.    The exceptions to the allowance of the appeal must be sustained, and the appeal be dismissed.

APPLETON, C. J.,    BARROWS,    DANFORTH,    VIRGIN and SYMONDS, JJ., concurred.